NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 15-1525

———————

KENNETH BAKER,
                                        Appellant
                    v.

SUN LIFE AND HEALTH INSURANCE COMPANY

———————

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-13-cv-01445)
District Judge: Honorable Susan D. Wigenton

———————

Argued: January 14, 2016
Before: McKEE, *Chief Judge*, AMBRO, and SCIRICA, *Circuit Judges*

(Opinion filed:  March 18, 2016)

Michael E. Quiat, Esq. (argued)
Uscher, Quiat, Uscher & Russo
433 Hackensack Avenue
2nd Floor
Hackensack, NJ 07601

        Counsel for Appellant

Joshua Bachrach, Esq. (argued)
Wilson, Elser, Moskowitz, Edelman & Dicker
2001 Market Street
Two Commerce Square, Suite 3100
Philadelphia, PA 19103

        Counsel for Appellee

---

## OPINION[*]

---

McKEE, *Chief Judge*.

Kenneth Baker appeals the district court's grant of summary judgment to Sun Life on a claim that arose from Sun Life's denial of Baker's claim for continued long-term disability benefits. For the following reasons, we will vacate the judgment of the district court.

### I.

As we write only for the parties who are familiar with the facts and procedural history, we will set forth only those facts necessary to our conclusion.

During discovery, Baker and Sun Life presented conflicting evidence as to whether Baker's policy contained language granting discretionary authority to Sun Life to award long-term disability benefits under ERISA.[1] Baker submitted a policy that did not contain the discretionary grant, and he also presented an affidavit from Andrew Lesnak, his insurance producer, stating that the policy Lesnak sent to Yankee Payroll was 27 pages long, and that it was a "complete and accurate copy of the Policy here at issue." Sun Life submitted a policy that, while otherwise identical, had two extra, *unnumbered* pages containing, among other things, the discretionary language. Sun Life also submitted an affidavit from Alan Carr, a Sun Life executive, asserting that Sun Life's version of the policy is "true and correct," and claiming specifically that the policy

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The policy itself was not in the administrative record, but the parties submitted different versions with their briefing during the summary judgment process below.

delivered to Yankee Payroll contained the discretionary language. Additional discovery was conducted with respect to the merits of Baker's disability claim. Both parties moved for summary judgment, and Baker also moved to strike the Carr affidavit. The district court denied Baker's motions to strike and for summary judgment and granted Sun Life's motion for summary judgment. Baker appeals.

## II. [2]

We review the district court's grant of summary judgment de novo and view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party.[3] A court may grant summary judgment "if, drawing all inferences in favor of the nonmoving party, the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[4] "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'"[5]

A district court reviews a denial of benefits under ERISA using "a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan."[6]

---

[2] The district court had jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1). We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.
[3] *Montone v. City of Jersey City*, 709 F.3d 181, 189 (3d Cir. 2013).
[4] *Am. Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 581 (3d Cir. 2009) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 56(a).
[5] *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986)).
[6] *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).

Where the plan grants the administrator discretion to determine a claimant's eligibility for benefits, the district court reviews the administrator's decision under an arbitrary and capricious standard.[7]

We begin our inquiry by examining whether a genuine dispute of material fact existed regarding whether Baker's policy included the two pages containing the discretionary grant. As noted, the parties presented conflicting versions of Baker's policy, and each party offered an affidavit in support of his version, as well as arguments in support of the proffered version. Baker argued (and he continues to argue before us) that he received only the 27-page document, and that the additional pages are unnumbered and also not included in the policy's table of contents. In addition, he contends that the additional pages are in a different font than the policy. Baker also argues that the district court failed to consider the evidence he offered in support of his version of the policy and erroneously failed to draw reasonable inferences in his favor.

For reasons that are not at all apparent, and which we do not understand at the summary judgment stage, when the district court addressed the question of which standard of review to apply, it considered the Carr affidavit but not the Lesnak affidavit. It did not provide a rationale for failing to consider the Lesnak affidavit. Instead, the district court incorrectly stated that "there is only one affidavit confirming the contents of the entire policy, which includes the grant of discretionary authority."[8] Noting that the administrative record did not include the policy at all, the district court nonetheless

---

[7] *Doroshow v. Hartford Life and Accident Ins. Co.*, 574 F.3d 230, 233 (3d Cir. 2009).
[8] App'x at A11.

adopted Sun Life's version of it and subsequently applied the arbitrary and capricious standard in reviewing the merits of Baker's claims.

However, the record before us includes competing affidavits and two versions of the policy, one with the grant of discretionary authority, and one without. This obviously creates a genuine issue of material fact as to whether Baker's policy contains the discretionary grant, and there is therefore a disputed issue about which standard of review to apply.[9]

We realize that the district court mentioned in a footnote that it would also have upheld Sun Life's denial of Baker's total disability claim under a de novo standard of review. However, the district court only analyzed Sun Life's denial of benefits to determine if it was arbitrary and capricious. Moreover, it did not even attempt to address Baker's partial disability claims under a de novo standard of review. Because we find that a genuine issue of material fact exists with respect to the threshold issue of the contract provisions and the appropriate standard of review, we need not address the merits of Baker's claims.

IV.

For the foregoing reasons, we vacate the opinion of the district court, retain jurisdiction and remand the case for further proceedings.

---

[9] *See Am. Eagle Outfitters*, 584 F.3d at 581; Fed. R. Civ. P. 56(a).